## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JORDAN McCARROLL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARBERRY, Warden, )<br>)<br>Defendant. ) | No. 2:09-cv-94-WTL-JMS |

### Entry Discussing Motion for Summary
### Judgment and Directing Further Proceedings

**I.**

Warden Marberry seeks resolution of Jordan McCarroll's action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), through the entry of summary judgment. Warden Marberry's argument is that McCarroll failed to exhaust his available administrative remedies with respect to the claims in this case. The law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

Having considered the pleadings, Warden Marberry's motion for summary judgment, the evidentiary record, and the briefs pertaining to such motion, and being duly advised, the court finds that although the exhaustion requirement of the PLRA applies to McCarroll's claims, the following are material questions of fact which cannot properly be resolved in a motion for summary judgment:

- ! Whether McCarroll filed numerous informal resolution forms that went unanswered, and what grievances and information were presented in such forms.

- ! Whether administrative remedies were unavailable to McCarroll because of a restrictive institutional policy regarding administrative remedies and a lack of responsiveness on the part of his unit counselor.

The above questions emerge from the evidentiary materials which, construed in the manner most favorable to McCarroll as the non-movant, show that BOP's policy regarding inmate complaints requires an inmate wishing to exhaust his administrative remedies with regard to a particular complaint to initiate the process by addressing the complaint to the Warden

within 20 calendar days following the date on which the incident occurred. The United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute") has published an institutional supplement to the BOP policy which requires an inmate to attempt to resolve his complaint informally before addressing his complaint in writing to the Warden. To do so, the inmate must verbally discus complaints with his Unit Team. If the issue is not resolved in this manner, the inmate's counselor will provide the inmate with an Informal Resolution Form ("BP-8"). Only one Informal Resolution form will generally be issued at a time. The inmate is to complete the form and return it to a unit team member, ordinarily his assigned Correctional Counselor. Counselors have five calendar days from receipt of the form to complete the informal resolution process. If staff are unsuccessful in their attempts at informal resolution, the Correctional Counselor will then issue the inmate one Request for Administrative Remedy form, also known as BP-9, which can be used to initiate a complaint with the Warden, as the BOP policy requires.

According to McCarroll, the institutional supplement to the BOP policy restricted his ability to file grievances regarding the issues in this complaint. First, if an inmate has more than one complaint, he must wait to receive a BP-8 form and a response before he can request a BP-9 form for each complaint. Because he is given only one BP-8 form at a time, this process could take too long when he has multiple complaints. McCarroll explains that this problem was compounded while he was assigned to the Segregated Housing Unit because the Counselor to whom requests for BP-8 and BP-9 forms are made is unavailable for weeks at a time and is available on average only once every two weeks. In addition, McCarroll states that the counselor did not answer BP-8 forms that were sent to him and refused to provide him with grievance forms for existing grievances and therefore precluded him from exhausting his administrative remedies.

The facts as recited above are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to McCarroll as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Nonetheless, these facts trigger application of two important principles recognized in this context. First,

> when prison officials prevent inmates from using the [prison's] administrative process . . . , the process that exists on paper becomes unavailable in reality. Thus, when prison officials fail to provide inmates with the forms necessary to file an administrative grievance, administrative remedies are not "available."

*Kaba v. Stepp,* 458 F.3d 678, 681 (7th Cir. 2006)(internal citation omitted). Second, a prisoner will be found to have exhausted available administrative remedies if prison officials ignored, obstructed, or mishandled the grievance filed or sought to be filed by the prisoner. *Dole v. Chandler,* 438 F.3d 804, 813 (7th Cir. 2006).

The failure to exhaust as required by the PLRA is an affirmative defense and it is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies. *See Jones v. Bock,* 127 S. Ct. 910, 921 (2007); *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005). The presence of the material questions of fact noted above shows that Warden Marberry has failed to meet that burden through her motion for summary judgment. Accordingly, that motion for summary judgment (dkt 40) is **denied**.

**II.**

The Seventh Circuit has instructed that when exhaustion is contested, the district court is to "conduct[ ] a hearing on exhaustion and permit[ ] whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate." *Pavey v. Conley*, 528 F.3d 494, 497-98 (7th Cir. 2008). In order to proceed in conformity with this procedure, the parties **may conduct additional discovery** on the issue of exhaustion of administrative remedies. The parties shall complete all such additional discovery **by April 30, 2010.** In addition, **Warden Marberry shall report** no later than that same date whether the BOP will honor an order from this court directing it to produce McCarroll at any hearing scheduled pursuant to *Pavey.*

**IT IS SO ORDERED.**

Date: 03/24/2010

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jordan McCarroll
# 25458-038
US Penitentiary - Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

Gerald Coraz
Assistant United States Attorney
gerald.coraz@usdoj.gov